**In re SHEEHAN MEMORIAL HOSPITAL, Debtor**

**No. 02–12191 B.**

United States Bankruptcy Court, W.D. New York.

Nov. 24, 2003.

Hiscock & Barclay, LLP (Timothy J. Walker, Esq., of counsel), Buffalo, NY, for Niagara Mohawk Power Corporation.

John H. Ring III, Esq., Buffalo, NY, for Debtor.

Jane B. Wolfe, Esq., Assistant U.S. Attorney, Buffalo, NY, for the United States Department of Housing and Urban Development and the Internal Revenue Service.

Mary Powers, Esq., Office of the U.S. Trustee, Buffalo, NY, for the U.S. Trustee.

Eliot Spitzer, Attorney General of the State of New York, By: Michael J. Russo, Esq., Assistant Attorney General, of Counsel, Buffalo, NY.

CARL L. BUCKI, Bankruptcy Judge.

Niagara Mohawk Power Corporation has moved to dismiss or convert the chapter 11 case of Sheehan Memorial Hospital ("Sheehan"). For the reasons stated herein, this court will deny the request for conversion to chapter 7, but is compelled to dismiss the case.

Sheehan is a not-for-profit corporation that owns and operates a health care facility in the City of Buffalo, New York. With 109 beds, the hospital has provided acute care and emergency and outpatient clinic services. In delivering these needed services, however, Sheehan incurred significant financial losses. For this reason, it filed a petition for relief under chapter 11 of the Bankruptcy Code on April 12, 2002. During the nineteen months since that filing, Sheehan has managed its affairs as a debtor in possession.

Like all hospitals in the 21st Century, Sheehan uses significant amounts of electricity. Providing that electricity is Niagara Mohawk Power Corporation. Pursuant to section 366 of the Bankruptcy Code, utilities like Niagara Mohawk are obliged to continue service to a debtor in bankruptcy, on condition that the debtor "furnishes adequate assurance of payment, in the form of a deposit or other security." Previously, when the parties were unable to agree on the form and amount of such security, Niagara Mohawk moved for adequate assurance of post petition payments. After a hearing on the motion, this Court

issued an order dated June 4, 2002. This order directed the debtor to pay post-petition electric bills within fifteen days of receipt, and to remit to Niagara Mohawk a security deposit in the amount of $58,960. Although Sheehan did make the required deposit, it soon defaulted on payment of its ongoing obligations. As of September 17, 2003, Sheehan owed $148,383.42 to Niagara Mohawk for post-petition electric services. Niagara Mohawk further represented that after crediting the deposit, the unpaid post-petition balance had grown to more than $100,000 as of the hearing of its motion on November 17.

■ In setting the amount of the security deposit, this court took into account the further directive that Sheehan was to pay its ongoing bills within fifteen days of receipt. Because Sheehan has now defaulted in paying these bills, Niagara Mohawk may discontinue service pursuant to 11 U.S.C. § 366(b). In deference to a purported concern for the health and wellness of hospital users, however, ·Niagara Mohawk has instead moved for a conversion or dismissal under 11 U.S.C. § 1112(b). In relevant part, this section provides as follows:

> Except as provided in subsection (c) of this section, on request of a party in interest or the United States Trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under [chapter 11] to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; . . . .

Niagara Mohawk contends that a diminution of the estate occurs when a debtor is unable to pay its administrative expenses. Noting that Sheehan stated a loss of $372,000 on its financial report for July 2003, the utility asserts that the unpaid electric bills represent an additional loss of estate value. Further, Niagara Mohawk argues that the debtor has failed to propose a plan of reorganization, or even to propose a timetable for presentment of a plan.

In response to the motion to convert or dismiss, Sheehan asserts that it is working to restructure its operations. Noting the important role that the hospital serves in the community, it requests additional time to develop a plan of reorganization. Although all creditors received notice of Niagara Mohawk's motion, the only written opposition was presented by the Office of Health Systems Management of the New York State Department of Health. With the approval of the Department of Health, Sheehan has recently closed its emergency room and its medical/surgical unit. The Department reports that the planned restructuring will transform the hospital into a facility that contains outpatient clinics, together with ten drug detoxification and thirty drug rehabilitation beds. Based on its assessment of community need, the Department of Health predicts that the restructuring will ultimately address the financial needs of the hospital.

■ Section 1112(b) provides that the court may convert or dismiss a case "for cause, including" any one of ten stated grounds. The parties focus their argument on the first of these grounds, namely "a continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation." Thus, Niagara Mohawk argues that the debtor is incurring continuing losses, while the debtor suggests the hope of a successful restructuring of its operations. Were this the only standard for decision, the court would require a further evidentiary hearing on whether the anticipated restructuring is

likely to permit a successful reorganization in bankruptcy. By its use of the word "including", however, the statute indicates that the stated grounds are not exclusive, and that conversion or dismissal may be appropriate for other good reason. *See* 11 U.S.C. § 102(3). In the present instance, Niagara Mohawk shows good cause by reason of the debtor's persistent and substantial failure to pay its ongoing expenses of operation.

To date, the debtor has filed financial statements for eighteen months of operation. During this time, it has incurred losses for eighteen successive months. As of October 1, 2003, these post petition losses total $4,395,873. In its schedules, Sheehan reported unencumbered assets as of the date of bankruptcy filing in the amount of $6,013,189.23. Thus, during the pendency of this proceeding, administrative losses have consumed more than two-thirds of the debtor's available assets. It is no surprise that such a state of affairs can adversely affect a debtor's ability to pay ongoing expenses. In accord with this expectation, Sheehan's most recent financial statement shows accounts payable of $782,367, of which $464,167 are more than thirty days old.

Chapter 11 allows to debtors an opportunity to develop a reorganization plan that will address its outstanding pre-petition obligations. During the pendency of chapter 11, the debtor operates without most of the pressures of collection by creditors. The bankruptcy code presumes, however, that a debtor-in-possession will generally satisfy its current obligations. Otherwise, accumulated losses will jeopardize the debtor's ability to effect a viable plan of reorganization. Actual and necessary expenses incurred during the pendency of chapter 11 will generally hold the priority status of administrative claims. 11 U.S.C. §§ 507(a)(1) and 503. To obtain

plan confirmation, a debtor must commit to pay all such administrative claims on the effective date of the plan. 11 U.S.C. § 1129(a)(9)(A). For this reason, the accumulation of losses will impede or even preclude the confirmation of a plan. Here, Sheehan has failed to pay its post petition obligations to Niagara Mohawk. Although the debtor expresses hope for a successful restructuring, it offers no timetable for a curing of its default in payment of utilities. Under these circumstances, Niagara Mohawk has demonstrated cause for conversion or dismissal.

Section 1112(b) states that the court may convert or dismiss a case, "[e]xcept as provided in subsection (c) of this section." Surprisingly, in their papers, all of the parties have overlooked this exception. Subsection (c) provides as follows:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

In the present instance, Sheehan firmly opposes conversion. As an eleemosynary institution, Sheehan is therefore exempt from the possibility of conversion. Accordingly, the only relief available to Niagara Mohawk on its motion is a dismissal of the case. Cause having been established for such alternative relief, this court will grant the motion to dismiss.

This court recognizes the special problems of this case. Sheehan operates a hospital. It provides vital services to a community which has tremendous need for its continued operation. Perhaps in recognition of this reality, neither the United States Trustee nor any other creditor has previously moved for dismissal. The Department of Health has articulated well the goals that underpin its hope for an effective restructuring of the hospital. To

achieve those goals within bankruptcy, however, a debtor must satisfy its ongoing expenses of operation. With full appreciation for the nobility of the hospital's new direction and purpose, the decision of this court merely relegates the hospital's future to a restructuring outside the context of the present bankruptcy proceeding.

At the oral argument of the present motion, the court also alerted the movant to the potential for futility in effecting payment of Niagara Mohawk's outstanding claim. To the extent that the debtor is able in good faith to file a new petition under chapter 11, administrative claims in the present case might be relegated to non-priority unsecured status. That, however, is an issue for another day. As to its present motion, Niagara Mohawk has shown good cause for dismissal of the current bankruptcy case of Sheehan Memorial Hospital. Accordingly, that portion of the requested relief is granted.

So ordered.